### COMMONWEALTH *vs.* SUSAN W. BOYER.

If the defendant in an indictment for polygamy relies upon a divorce as a justification of a second marriage, it is incumbent on him to prove it.

INDICTMENT for polygamy, setting forth that the defendant was lawfully married to James I. Boyer in 1850, and in 1863 was married to Henry Follett, she being then the lawful wife of said Boyer, and said Boyer being still alive, and not having been beyond sea for seven years together, and not having voluntarily withdrawn from her and remained so withdrawn and absent for seven years together, and she never having been divorced from him.

At the trial in the superior court, before *Ames*, J., the evidence tended to prove that the defendant was married to Boyer as alleged, that she lived with him until recently, and that she has since been married to Follett. No evidence was offered on the part of the government to show that she had not been divorced from Boyer, and the judge ruled that such evidence was unnecessary. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. Brown,* for the defendant, cited *Commonwealth* v. *Thurlow,* 24 Pick. 374; *Commonwealth* v. *Hart,* 11 Cush. 130, 137.

*Foster,* A. G., for the Commonwealth, besides some of the

cases cited in the opinion, cited *Rex* v. *Turner*, 5 M. & S. 209; *Rex* v. *Stone*, 1 East, 637; *Rex* v. *Smith*, 3 Burr. 1475; *United States* v. *Hayward*, 2 Gallis. 485; *Smith* v. *Joyce*, 12 Barb. 26; *Shearer* v. *The State*, 7 Blackf. (Ind.) 99; *Schmidt* v. *The State*, 14 Missouri, 137; *Haskill* v. *The Commonwealth*, 3 B. Monr. (Ky.) 342.

METCALF, J. The court are of opinion that it was correctly ruled, at the trial, that it was incumbent on the defendant to prove that she was legally divorced from her former husband, and that the Commonwealth needed not to offer any proof that she was not. The general rule of evidence respecting proof of negative averments in an indictment, as it is found in the English decisions and in those of the American courts, is this : When the defendant is, in the first instance, shown to have done an act which was unlawful unless he was distinctly authorized to do it, the proof of authority is thrown upon him. And the decisions show that this rule is specially applicable to cases in which, as in the case now before us, the subject matter of the negative averment is peculiarly within the knowledge of the defendant. 2 Russell on Crimes, (7th Amer. ed.) 769, 770. 1 Phil. Ev. (4th Amer. ed.) 821, 822. *Bluck* v. *Rackham*, 5 E. F. Moore, 305. *Morton* v. *Copeland*, 16 C. B. 517. 1 Greenl. Ev. (9th ed.) § 79, and cases there cited. *The State* v. *Foster*, 3 Fost. (N. H.) 348.

The defendant's counsel relies on the decision in *Commonwealth* v. *Thurlow*, 24 Pick. 381, that on the trial of an indictment charging the defendant with selling spirituous liquor without license, it was incumbent on the Commonwealth to produce evidence that he had no license. But that decision is an authority only in cases of the class to which it belonged. For Chief Justice Shaw said : " The court have not thought it necessary to decide the general question ; cases may be affected by special circumstances giving rise to distinctions applicable to them, to be considered when they arise." And he did not deny that the rule of evidence, which was applied in that case, might be inapplicable " where one party could not, without great difficulty, show the negative, and where the other party could. with perfect

ease, show the affirmative." In *Thurlow's case*, it was as easy for the Commonwealth to show the negative, as for the defendant to show the affirmative. Licenses to sell spirituous liquors were then granted by county commissioners, who were required to keep a record, and whose records, in all the counties, in which there was only one shire town, were in the same court-house in which the trial must have been had. The absence of any record of a license by them to the defendant would have been *prima facie* evidence that none had been granted to him. *Commonwealth* v. *Kimball*, 7 Met. 304. In Maine, where the licensing board was not a court of record, nor required to keep a record of all its proceedings, and whose license, when granted, was signed by the members of the board and delivered to the person licensed, it was decided that it was incumbent on a defendant, indicted for selling liquors without license, to prove that he had a license, and not on the state to prove that he had not. *The State* v. *Crowell*, 25 Maine, 171. And in England, on a prosecution for selling ale without a license, it is not necessary that the informer should give evidence of the negative averment. *Rex* v. *Harrison*, Roscoe's Crim. Ev. (5th ed.) 72.

We know of no case, before or since that of *Commonwealth* v. *Thurlow*, in which this court applied the rule of evidence, which was there applied, to negative averments in an indictment for any offence besides that of unauthorized sales, or unauthorized keeping for sale, of intoxicating liquors. As to offences of those classes, that rule has been adhered to, except where the letter of *St.* 1844, *c.* 102, and of the Gen. Sts. *c.* 172, § 10, required the defendant to show his authority. *Commonwealth* v. *Lahy*, 8 Gray, 459, and *Commonwealth* v. *Livermore*, 2 Allen, 292. The *dicta* in those two cases, that the general common law rule of evidence (which was left undecided in *Thurlow's case*) requires the government to prove negative averments, cannot be sustained.

In the present case, the defendant could, with perfect ease, show the affirmative, to wit, that she was legally divorced from her former husband, if such were the fact, and the government could not, without great difficulty, show the negative. Proving

that she was not divorced in this state would not prove that she was not legally divorced in some other and distant state.

*Exceptions overruled.*